THE opinion of the Court was deiV-t d as follows:— Caldwell declared against Eastland, that ne was of goód *22 fame, &c, and that he had spoken of him these words, in the hearing, &c. •. “ he (meaning Caldwell) is a rogue, he stole a pot and waiter from me, and I can prove it, meaning thereby that Caldwell had been guilty of felony and in a second count in his declai ation he charges Eastland of having said, that “he (meaning Caldwell) is a rogue, he stoic a kettle from me, (meaning Eastland) and I can prove it.” Eastland, upon setting aside the writ of inquiry, plead not guilty and u special plea of justification. Upon which issues were joined. A trial of the cause was had, at the February term of the court, and verdict for Caldwell for three hundred and thirty-three dollars ; which, by agreement, was subject to the opinion of the court upon a demurrer to the evidence. A judgment was finally awarded, against Eastland upon the verdict of the jury. On the trial of the cause, Eastland filed two bills of exception ; the first states that he moved the court for leave to withdraw his plea of not guilty, and refy upon his plea of justification only, which was by the court refused: he then moved the court for leave to amend his special pica by inserting, after the word kettle, in the plea, the words “ and waistcoat pattern.” The second bill of exceptions states that the court, on the trial, restrained the counsel of Eastland from asking the witness what was the general moral character of Caldwell, and con? fined the inquiry to that species of immorality on w.hicli the issue was joined.
Leave to withdraw a plea is addreiied to the difcretian of the «ourt ; no rea-fon for with* drawing general jiTbe and relying on fpecial plea only.
Declaration that defendant faid-of plaintiff he had ftolen a fst and waiter, plea rhat plain-tiffftolea waift. coat pattern is act admiiSble#
Whether the court will suffer either plaintiff or defendant to withdraw any part of their pleadings in a cause, depends upon the sound discretion of the court, and not upon any invariable rule. It does not appear from the record that m# sufficient reason was assigned to warrant the court in allowing the withdrawal asked for. Such has been the decision of this court in ⅛⅝ case of Rochester v. Dunn, vol. 1, p. 412-3.
We are of an opinion the court were correct in overruling the motion made by Eastland to amend his special plea of justification, as appears in the bill of exceptions. The amendment proposed was not only calculated to produce expence and delay, but inadmissible upon every principle of pleading. The defendant’s bar ought to contain every essential necessary to maintain *23 ⅛ defence, and fatly answer the declaration ; that ⅛, Ac essence or gist ot the plea must be such, as if true, the court, according to the rules of law, must dismiss, or give judgment for him. If Eastland could have proven that Caldwell had stolen a rvaislcoat pattern, it surely was no justification for saying he had stolen a pot and waiter ; ft Would have been ho answer to the charge comprised ⅛ the declaration, nor could"an issue thtre-on have been properly made up.
Plea that o& the -.- day of — plaintiff Hole, &c. | replication that he did not ora the —— day of «■-— fteal, &c.v is a good replication to plea.
On dfemurráS Co etidence the court will infer ¿very face which a juigf could have in« ferred — Accerd VOÍ, IyÉuhbard vs*Pratbersl%Q —¿White Ws Fox, 373-5 — - Cbafixi w.Bmei 613.
It is assigned for error that the court should have awarded a repleader, as the issue tendered by the replication to the defendant’s special plea, which charges the theft to have been committed on the -- day of ■ — — the replication that he did not on the -- day of -- steal, &x. This is sufficiently certain and supports the declaration.
The court did right in not awarding a repleader ; the offence charged is sufficiently put in issue, and cab-culated to try the merits.
It is also assigned for error that the judgment of the court ought to have been for Eastland, and not Caldwell, upon the demurrer to the evidence. It seems to és that the judgment of the circuit court in that respect has been correct. On a demurrer to evidence the court will infer every fact which the jury could have done, had the cause been left to their decision. If this rule be correct (of which we have no doubt) no person who heads the testimony can say that the jury might not, and very correctly too, have been of our opinibti, that the charge, as laid in the declaration, and particularly itl the second count, was well supported by proof, and that the words as proven were spoken of the plaintiff.
There seems but one question further for this court to decide : thát is, how far the court below erred in restraining the defendant’s counsel from inquiring into the plaintiff’s general moral character. We have had some difficulty in making up an opinion on this question; we have been able to find little or no authority to direct us in our decision ; we seem to be left pretty much at large to establish such a rule as will be most just, and analogous tp the general rules of evidence. There can be no doubt but the general moral character of the partly prosecuting an action for slander, is of some importance in the estimation of damages. The action is not *24 exclusively founded upon the hazard of incurring a criminal prosecution, but upon the real or supposed injury to his character : hence it would follow that the injury he has received can only be estimated by a correct knowledge of the moral character and standing in society. The allegation iu the dei luration that his character is good, &c. is only, inducement to the action, and not traversable. That which cannot be pleaded, maybe given in evidence under the general issue. That which amounts to a justification, must be plead specially, that the party may be apprised of the grounds relied on. The general character of the plaintiff cannot be questioned by plea ; it ought therefore to be questioned by proof in mitigation of damages. The general character of the plaintiff must be considered as coming in, at least collaterally, upon the issue. It is laid in the declaration as the inducement, and the injury to it is the gist of the action.
In {Under the allegation of plaimiff’s good fame is but inducement, and not traver'.ablej the gift of the action is the injury done to it-That which amounts to a juftiftcation mu ft be pleaded fpe dally,.
in affcffing damages the jury muft take into eftimation plain tiff’s general character and his ftanding in fociety.
Delendant has a right to go into evidence as to plaintiff’s ge netal moral cha racter, and is not to be confined to evidence of the particular fpe *íés of immorality charged in the words laid,*
In the estimation of damages, the jury must take into consideration the general character of the plaintiff and his. standing in society. In this cause the defendant’s counsel was permitted by the court to inquire into the plaintiff’s general character itrrelation to the facts put in issue ; but we ate of an opinion he ought to have been permitted to inquire into his genera! moral character,, without relation to any particular species of immorality j for a man who is habitually addicted to every vice, except the one with which he is charged, is not entitled to as heavy damages as one possessing a fair moral character. The jury, who possess a large and almost unbounded discretion upon subjects of this kind, could have but very inadequate data for the quantum, of damages, if they are permitted only to know the plaintiff’s general character in relation to the facts put in issue». This appears to us to be the only' correct and rational rule upon the subject j for while it affords the jury a fair opportunity of weighing the injury, it cannot take the plaintiff by surprise, as every man is presumed prepared to shew his general character.
Judgment reversed and remanded for new proceedings.